UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    KURT P. WOJDA,                                         06-03291 B

                 Debtor                                      <u>DECISION & ORDER</u>
------------------------------------------------------

                              The Crossmore Law Office
                              Edward Y. Crossmore, Esq., of counsel
                              115 West Green Street
                              Ithaca, New York 14850
                              Attorneys for Community Bank, N.A.

                              Gleichenhaus, Marchese & Falcone, P.C.
                              Michael A. Weishaar, Esq., of counsel
                              930 Convention Tower
                              43 Court Street
                              Buffalo, New York 14202

Bucki, U.S.B.J.

      The present dispute involves the substantive grounds for the dismissal of a bankruptcy case under section 521(i) of the Bankruptcy Code, as well as the procedural requirements for consideration of a request for an order confirming this outcome.

      Section 521 of the Bankruptcy Code defines the duties of a debtor. Pursuant to subdivision (a)(1)(B)(iv) of this section, a debtor must file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the [bankruptcy] petition, by the debtor from any employer of the debtor." In the present instance, Kurt Wojda filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on October 24, 2006. Shortly thereafter, Mr. Wojda filed copies of payment advices that he had received from his employer for wages earned during the weeks that ended on the 27th, 20th, 13th and 6th of October, and on the 29th and 22nd of September. However, he neglected to file payment advices for the weeks that ended on September 15, September 8, September 1, and August 25. Essentially,

06-03291B                                                                                           2

therefore, the debtor failed to file "copies of all payment advices" for the wages that he received during the sixty days prior to the commencement of his bankruptcy proceeding.

The current controversy implicates the following subdivisions of 11 U.S.C. § 521(i):

> (1) Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.
>
> (2) Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 5 days after such request.

Paragraph (4) of section 521(i) allows a trustee to seek an order that would prospectively prevent the automatic dismissal of a case. Here, the trustee made no such request.

Community Bank, N.A., holds a secured claim in this case. On March 21, 2007, it filed a motion for stay relief and to allow foreclosure of a mortgage on the debtor's residence. Then on March 27, before the hearing on that motion, the attorneys for Community Bank sent to the court a letter requesting that the case be dismissed pursuant to 11 U.S.C. § 521(i)(2). Upon receipt of that letter, the clerk of this court notified counsel that the request for dismissal would be considered only upon motion with notice to the debtor.

The court heard Community Bank's motion for stay relief on April 5, 2007, on the same calendar as the hearing on confirmation of the debtor's proposed plan under chapter 13. Counsel for both debtor and creditor appeared and reported that they would stipulate to a settlement whereby the automatic stay would continue unless the debtor failed to pay all post-petition mortgage arrears within thirty days. In response

to my specific question about their intent to seek dismissal pursuant to section 521(i)(2), the bank's counsel stated that he would not oppose confirmation of the chapter 13 plan. After hearing the testimony of the debtor and after a careful consideration of the statutory requirements, I approved the confirmation. In due course, therefore, an order of confirmation was signed on April 13, 2007. Notwithstanding its counsel's representations at the confirmation hearing and the stipulated settlement of the motion for relief from the automatic stay, Community Bank filed its present motion to dismiss this bankruptcy case on April 19.

Community Bank argues simply that the debtor failed to file copies of all of the payment advices that it received within sixty days of its bankruptcy filing, that more than 45 days have now passed since the commencement of this bankruptcy proceeding, that this case was automatically dismissed pursuant to 11 U.S.C. § 521(i)(1), and that pursuant to 11 U.S.C. § 521(i)(2), any party in interest may now request an order dismissing this case. The debtor responds that the confirmation order bars the application of section 521(i), and that in any event, the debtor provided adequate information to satisfy the requirements of section 521(a).

Initially, Community Bank submitted a letter asking the court to dismiss Mr. Wojda's bankruptcy petition. Although section 521(i)(2) contemplates that "any party in interest may request the court to enter an order dismissing the case," any such request must still satisfy the protocols of the Bankruptcy Rules. In particular, Bankruptcy Rule 9013 establishes the general requirement, that "[a] request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing." Having cited no basis for an exception, Community Bank could only seek dismissal through the process of a written motion. Further, Rule 9013 states that "[e]very written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required

or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs."

Because the dismissal of a bankruptcy case will always impact the interests of the debtor, a motion under section 521(i)(2) must appropriately be served upon the debtor as well as upon the trustee. Although counsel for Community Bank sent to these parties a copy of their letter of March 27, that letter did not incorporate the formalities of a motion. In particular, the letter failed to include notice of an opportunity for hearing, as required by Bankruptcy Rule 9014. Hence, this court could not properly consider the letter requesting dismissal. Community Bank has now remedied this deficiency, however, by reason of its current motion for the same relief.

The debtor contends that the confirmation order operates to preclude application of the automatic dismissal requirements of section 521(i). This would have been a very interesting issue, but for the fact that Community Bank filed its dismissal motion only six days after entry of the confirmation order. Pursuant to Bankruptcy Rule 9023 and Rule 59 of the Federal Rules of Civil Procedure, a party may seek reconsideration of any order within ten days of its entry. Because dismissal of the case would effectively revoke the confirmation order, I treat the motion of Community Bank as both a motion to dismiss and a request for reconsideration of confirmation. Even if a final order of confirmation would preclude the application of section 521(i), the timeliness of the present motion will necessitate a consideration of the merits of the dismissal request.

During the sixty days prior to the filing of his bankruptcy petition, Kurt Wojda received nine pay checks. During the 45 days after the filing of the petition, however, Mr. Wojda filed pay stubs associated with only five of those checks. Community Bank contends that the debtor has therefor failed to satisfy the requirements of 11 U.S.C. § 521(a), so that his case should be deemed to have been dismissed automatically

under 11 U.S.C. § 521(i). For two independent reasons, the present facts do not warrant this conclusion.

Section 521(a)(1)(B)(iv) recites that the debtor shall file "copies of all payment advices *or other evidence of payment received* within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." (emphasis added). To satisfy the statute, therefore, a debtor may file either the payment advices or some other evidence of payment. In the present instance, each of the filed pay stubs indicates an identical gross salary of $250 per week, as well as identical deductions. Additionally, every pay stub shows "year to date" totals that equal the exact product that results from the multiplication of the weekly amounts and a discrete whole number. For example, the debtor filed a pay stub for salary received on October 27, 2006. This statement reported a gross weekly salary of $250, and a total annual compensation of $10,000. Thus, the "year to date" compensation represented exactly forty weeks of wages at the rate of $250 per week. Meanwhile, the withholdings for social security, medicare, and taxes were each exactly one-fortieth of the year to date totals. By reason of this consistency, the filed payment advices serve not only as proof of payment received during the relevant week, but also as "other evidence of payment received" during the remaining weeks within the sixty days prior to the date of bankruptcy filing.

The language of section 521(i)(1) provides a second reason to deny the motion to dismiss. As noted by this court in *In re Smith*, 352 B.R. 729, 780 (Bankr. W.D.N.Y. 2006), "sections 521(a)(1)(B)(iv) and 521(i)(1) are less than fully congruous." While the first section requires a filing of "evidence," the latter provision links dismissal to a failure to file "information." Even if I were to find that the debtor had failed to file complete evidence of his receipt of payment from an employer, dismissal only results upon the failure to file the underlying information. In the present instance, where "year to date" totals show no variance from a pattern of weekly payments, the filed

payment advices provide all of the "information" that would have been included in any missing advices. Accordingly, section 521(i)(1) does not compel a dismissal of this case.

The facts of the present case are special, in that the debtor filed a majority of the payment advices from the sixty day period, and those payment advices reflect a constant pattern of compensation. The submitted advices contain no indication of wages for overtime. Because the debtor filed his petition for relief during the month of October, the "year to date" numbers encompass the entire sixty days prior to bankruptcy filing. A different result might follow, therefore, if the filed statements did not so clearly demonstrate the precise and consistent amount of compensation received. Here, however, the debtor's peculiar circumstances allowed the filed payment advices to satisfy the requirements of 11 U.S.C. § 521(a) and to avoid the grounds for dismissal under 11 U.S.C. § 521(i). For these reasons, the creditor's motion to dismiss is denied.

So ordered.

Dated:   Buffalo, New York             /s/ CARL L. BUCKI
         July 13, 2007                       U.S.B.J.